MARÍA REYES, Plaintiff and Appellee-Appellant, *v.* VÍCTOR R. LÓPEZ NUSSA, Defendant and Appellant-Appellee.

No. 6170.   Argued November 13, 1934.—Decided February 14, 1935.

J. Henri Brown, C. Ruiz Nazario, G. E. González, and G. Benítez Gautier for appellant-appellee.   Dubón & Ochoteco and Ramón S. Pesquera for appellee-appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The judgment rendered in this case was appealed from by both litigants.  By the defendant, because it adjudged him to pay damages to the plaintiff.  By the plaintiff, because she should have been granted a larger amount than the $1,500 fixed by the court.

The grounds urged by the defendant for asking that we reverse the judgment appealed from and release him from the claim made against him, refer to the objection that the trial court weighed the evidence erroneously.

On the afternoon of September 26, 1930, the plaintiff, María Reyes, left the town of Comerío in a Chrysler automobile by the highway leading to Bayamón.  Before arriv-

ing at the latter town, the automobile was stopped on its right, between kilometers 21 and 22. At that place and on the opposite side of the highway there is a culvert over the ditch, at the entrance of a road leading to the ward of Doña Elena, where the plaintiff was going because her mother lived there. At that place the highway is eighteen feet wide, and there is a straight stretch of road of from 300 to 400 meters towards Bayamón. The road ditch is three and a half feet deep and there are large stones at the bottom. In regard to this there is no dispute between the parties.

The plaintiff's evidence at the trial in regard to how the accident occurred for which she claims compensation, consisted of her testimony and that of Diego Nieves and Manuel Burgos. She had presented two other witnesses, Arcadio Huertas and Gregorio Alejandro, but although they were sworn, they were not called to the stand.

The plaintiff testified that when she stepped out of the automobile on its right-hand side near the ditch that was close by, she walked towards the rear of the vehicle and passed back of it in order to cross the highway towards the road in front; that on coming out from behind the automobile, which was standing still, she looked towards Comerío but not towards Bayamón; that when she was crossing the road, walking rapidly, she saw some men near the ditch and saw Diego Nieves and Arcadio Huertas making signs to an automobile and shouting to it to stop, but that she did not look towards Bayamón, and that when she had reached the edge of the highway and had one foot on it and the other on the culvert, she was struck by an automobile and thrown into the ditch, where she lay unconscious.

We will not consider the testimony of Diego Nieves because the lower court disregarded it in rendering its judgment, probably because it was produced at the trial in order to contradict statements made by him in an affidavit that he signed before a notary a few days after the occurrence of

the accident, which affidavit sets forth facts that are in conflict with his subsequent testimony at the trial.

The other witness for plaintiff was Manuel Burgos who was accorded full credence by the trial court. This witness testified that he was near the culvert where the road leading to the ward of Doña Elena begins; that on the other side of the highway a Chrysler automobile was stopped from which he saw María Reyes step out on the side nearest the ditch, and she walked towards the rear of the automobile and passed back of it in order to cross the highway in the direction of the culvert; that an automobile was coming from Bayamón at a great speed; that Arcadio Huertas warned it to stop and it tried to do so, but as it was coming so fast, it veered to one side and swung into the ditch before reaching the culvert, came out of the ditch, struck the defendant who was on the edge of the highway, swung into the ditch again, and once more came out; then it stopped; that the automobile that the defendant was driving sounded no horn or claxon; and that that is the only testimony he has given in this matter.

After a motion for nonsuit, based on the insufficiency of plaintiff's evidence, had been denied, the defendant, Victor López Nussa, gave his testimony. He stated that on the afternoon to which the case at bar refers, he was driving his Chandler automobile, which is insured; that he had been driving his automobile for some fifteen years, and for ten years had passed along that road every week, because every Saturday he went to a house he has in Barranquitas; that that afternoon he took from a private hospital in San Juan a son of his born some three months before, who was sick there, and was taking him to his house in Barranquitas; that a woman who later could not be found was carrying the child in her lap; that he was driving the automobile at a rate of fifteen miles an hour; that 300 or 400 meters distant from where the accident to the plaintiff afterwards occurred he saw an automobile stopped and some men in front of it, for

which reason he sounded his claxon; that his claxon is very powerful, and that when he approached the other automobile a woman came out from behind it to cross the highway, and the witness immediately put on his brakes but the automobile swerved a little to the right, collided with the plaintiff, who fell into the road ditch, and stopped shortly thereafter. He denied going into the ditch or seeing any signal to stop.

The evidence of the plaintiff and that of the defendant were conflicting. The lower court gave credence to that of the plaintiff, and even though the defendant-appellant has strenuously challenged the plaintiff's evidence, we do not think that there was manifest error on the part of the lower court in the solution of the conflict in the evidence, for which reason we shall not disturb its findings.

In her complaint the plaintiff claimed $10,000 as damages, the court granted $1,500, and in her appeal she asks us to fix the amount at $3,500.

On the day of the accident the plaintiff was twenty-one years of age and was working as a cigar-maker in Comerío, earning wages at $3.50 a week. She suffered a comminuted compound fracture of the left side of the lower jaw, a fracture of the right clavicle, erosions on the nose, forehead, right eyelid, and left cheek, and contusions, on both knees and on the right hip.

Taking into account all the circumstances of the case, we do not think that the award granted by the lower court is inadequate.

The judgment appealed from must be affirmed.